# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TIMOTHY HARDNETT SR.**, | Case No. 3:25-cv-402-AR |
| Plaintiff, | |
| v. | **ORDER** |
| **CHARTER OAK FIRE INSURANCE COMPANY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Timothy Hardnett, Sr. was uninsured when he was involved in a car accident with a motorist insured by Charter Oak Fire Insurance Company ("Charter Oak"). Hardnett made a third-party insurance claim against Charter Oak, and the company denied the claim. Hardnett then sued Charter Oak *pro se* (representing himself) in Oregon state court, asserting that Charter Oak failed fully to investigate his claims, misrepresented facts, and acted in bad faith in its dealings with Hardnett in violation of Oregon Revised Statute ("ORS") §§ 746.230, 746.110, causing Hardnett emotional damages. Specifically, Hardnett pleaded one claim of "bad faith tort" and one claim of "unfair practices." ECF 1-1 at 33-35 (Fourth Amended Complaint). Instead of responding to the Fourth Amended Complaint, Charter Oak timely removed the case to federal court. ECF 1, ECF 12.

Now before the Court is Charter Oak's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF 14. United States Magistrate Judge Jeff Armistead issued

PAGE 1 – ORDER

Findings and Recommendation in this case on October 20, 2025. Judge Armistead recommended that there is no "bad faith tort" under Oregon law that fits the circumstances of this case. He also construed Hardnett's "unfair practices" claim as a negligence *per se* claim predicated on ORS §§ 746.230, 746.110, for which emotional distress damages could be recoverable under *Moody v. Oregon Community Credit Union*, 371 Or. 772 (2023). Judge Armistead recommended, however, that this Court grant Charter Oak's motion to dismiss. No party has filed objections.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record." No party having made objections, the Court follows the recommendation of the Advisory

PAGE 2 – ORDER

Committee and reviews Judge Armistead's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Armistead's Findings and Recommendation, ECF 24, and GRANTS Charter Oak's Motion to Dismiss, ECF 14. The Fourth Amended Complaint is DISMISSED without leave to amend. Leave to amend is inappropriate because there are legal deficiencies with the claims. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996). First, there is no "tort of bad faith" under Oregon law that fits the facts of this case, so there are no facts that Plaintiff could replead to save that claim. Second, because Hardnett had no contractual or other legal relationship with Charter Oak, he also could not plead facts to make the second claim viable. A negligence *per se* claim under *Moody* requires that the plaintiff and the defendant have a "relationship . . . that entail[s] a mutual expectation of service and reliance" or an interaction with "objective indicators of possibly serious emotional injury." *See* 371 Or. at 800, 803-04 (quotations omitted). Because the parties here had no such relationship, Hardnett cannot plausibly allege a negligence *per se* claim under *Moody* against Charter Oak. *See Moody v. Or. Comm. Credit Union*, 317 Or. App. 233, 237 (2022) (Oregon Court of Appeals describing the issue before it as requiring it to determine "when a party to a contract may sue another party to the same contract for negligence"); *Moody*, 371 Or. at 779 ("We begin our analysis with the premise . . . that, in addition to contract claims, *parties to a contract* may assert viable tort claims." (emphasis added)). Dismissal with prejudice is therefore appropriate.

**IT IS SO ORDERED.**

DATED this 22nd day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER